Grafton,        }
May 4, 1920.  }

### DAVID L. QUIMBY v. BOSTON & MAINE RAILROAD.

CASE, for personal injuries. Verdict for the plaintiff.

The defendant's motions for a nonsuit and for a directed verdict were denied and the defendant excepted. The essential facts are stated in the opinion. Transferred from the September term, 1919, of the superior court by *Sawyer*, J.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally)', for the plaintiff.

*Leslie P. Snow, Alvin Burleigh* and *Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendant.

WALKER, J. From the plaintiff's evidence the following facts might reasonably be found. On the day he was injured he was working for the Parker-Young company in Lisbon driving a horse attached to a tip-cart which he had loaded with slab-wood, and was about to transport it across the defendant's track over a private crossing which was maintained there for the convenience of the Parker-Young company. He had been engaged in this work for several days and knew that a train was due at the crossing. Before attempting to drive over the crossing, he stopped his team near it, and walking onto it looked down the track to see if the train was in sight, but on account of a dense bank of steam escaping from a building near the track he was unable to see the train. The steam extended some forty feet below the crossing. The locomotive

whistle was not sounded nor was the bell rung, signals which were usually given at the point and which he in part relied upon to warn him that a train was about to occupy the crossing. Not being able to see the train and not hearing the signals, he started to drive over the crossing when the train came through the steam at a slow rate of speed, collided with the team and inflicted the injuries upon the plaintiff for which he seeks to recover damages. The approaching train made very little noise and the plaintiff did not hear it until he was upon the track. Though he was some deaf he was able to hear the whistle when it sounded and to hear the bell when it rang.

This brief statement of the facts deducible from the evidence renders argument unnecessary in support of the proposition that it does not conclusively appear that the plaintiff was guilty of contributory negligence. Whether he was or not was, therefore, a proper question for the jury. *Nawn* v. *Railroad,* 77 N. H. 299, 305; *Doody* v. *Railroad,* 77 N. H. 417; *Weeks* v. *Company,* 78 N. H. 26, 29; *Fuller* v. *Railroad,* 78 N. H. 366, 368.

*Exceptions overruled: judgment on the verdict.*

All concurred.