Strafford,
Nov. 5, 1930.

PETER CHEMIKLES *v.* J. M. WILSON COMPANY.

*Hughes & Burns* (*Mr. Burns* orally), for the plaintiff.

*Conrad E. Snow* and *Thornton L. Lorimer* (*Mr. Lorimer* orally), for the defendant.

BRANCH, J. In support of its contention that a verdict should have been directed in its favor, the defendant seeks to establish two propositions as follows: 1. There was no evidence that the driver of defendant's truck was negligent. 2. The evidence is conclusive that the plaintiff was negligent.

1. There was evidence from which it might be found that the defendant's truck was started from a stationary position in a city street and after traveling a distance of 46 feet at a speed of from five to seven miles per hour, ran down the plaintiff who was all the time within the range of the driver's vision. The indefinite and evasive testimony of the driver would warrant a finding that from the time when the truck started until the moment of the accident, he was looking to the left and that he paid no attention whatever to the right side of the street from which the plaintiff was approaching. Under these circumstances the jury was clearly justified in finding that the driver was at fault.

2. With respect to the question of the plaintiff's care, this case is governed by the decision in *McCarthy* v. *Souther*, 83 N. H. 29. There

was evidence that before the plaintiff started to cross the street he looked to the left and saw the defendant's truck stopped in the highway less than 50 feet distant. He then lifted from the rear end of his own truck onto his left shoulder a bunch of bananas and immediately started to cross the street. The bananas made it impossible for him to look to the left during his progress, and he was struck after he had gone about 7 feet.

If the possibility that defendant's truck might start at any moment was one which the plaintiff should have recognized, he might, without "negligence or imprudence" assume that it would be operated with due care for his safety. *Lyman* v. *Railroad*, 66 N. H. 200, 203; *Quimby* v. *Railroad*, 79 N. H. 529. "That it looked safe to undertake the crossing in the way he did might be found, and negligence in thus carrying out the undertaking is not conclusively shown." *McCarthy* v. *Souther, supra.* We have here in actuality the facts of the supposititious case stated *arguendo* in *Piateck* v. *Swindell, ante,* 402 where it was said: "If the defendant's car had been stationary, clearly the plaintiff would not have been careless in failing to keep it under observation." We are still content with this conclusion. There appears to be less reason for holding that the plaintiff was negligent in carrying on his shoulder a load which obstructed his view to the left than there would have been in *McCarthy* v. *Souther, supra,* for holding that the deceased was negligent because "he gave no attention to traffic after leaving the sidewalk."

The distinction between the case at bar and *Olsen* v. *Railroad*, 82 N. H. 120, upon which the defendant strongly relies, is that here the plaintiff had positive reason to believe, from observation made immediately before he started to cross the street, that the presence of the defendant's truck involved no threat of danger to him, whereas in the *Olsen* case the plaintiff had no reason for believing that the defendant's tracks would not be occupied at the time when he tried to cross them. "He was aware that cars were running every few minutes, and reasonable care on his part demanded some precautionary act approximately contemporaneous with the impending danger. He could not elect to watch only for automobiles and close his eyes to an equally perilous situation." *Olsen* v. *Railroad, supra,* 122.

The exceptions taken by the defendant to the argument of plaintiff's counsel have not been argued and appear to be without merit.

*Judgment on the verdict.*

Snow, J. did not sit: the others concurred.