Hillsborough,
March 3, 1931.

## LOUIS M. SIMONEAU
*v.*
### GENERAL ICE CREAM CORPORATION & a.

*Omer H. Amyot* and *Wyman, Starr & Booth* (*Mr. Amyot* orally), for the plaintiff.

*O'Connor & Saidel,* for the defendant.

BRANCH, J. The accident happened at the intersection of Bridge and Canal streets in the city of Manchester. The plaintiff was traveling east on Bridge street on the south cross-walk which traverses Canal street. The defendant's truck was traveling west on Bridge street and undertook to make a left turn into Canal street.

A moment before the accident another truck approached from the south on Canal street and stopped at a stop sign before reaching the cross-walk.

The plaintiff says that when he started to cross Canal street he saw the defendant's truck coming down Bridge street at a considerable distance from the line of Canal street, and thereafter his attention appears to have been directed to the other truck which was approaching from the south.

The defendant Grenier says that when he started to turn into Canal street he blew his horn, but this fact was not conclusively established. At that time he saw the plaintiff in the roadway and from that mo-

ment until the accident occurred the plaintiff was within his range of vision.

Grenier testified that he was planning to pass behind the plaintiff and had approached to within two feet of him when he "sort of hesitated," and "the truck struck him then."

Upon these facts the jury might properly find that in driving his truck within two feet of a pedestrian with no further warning of his approach than the sound of his horn when he started to make the turn, the defendant Grenier violated not only the mandate of the statute (P. L., c. 103, s. 13), but the dictates of due care.

It cannot be said as a matter of law that the plaintiff was guilty of contributory negligence.   *Gosselin* v. *Lemay, ante* 13; *Chemikles* v. *Company*, 84 N. H. 437; *McCarthy* v. *Souther*, 83 N. H. 29.

Defendant's exception to the allowance of the plaintiff's argument has not been argued and appears to be without merit.

*Judgment on the verdict.*

All concurred.