Strafford,
Dec. 7, 1937.

JOHN W. JACKSON *v.* ALBERT SMART.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for the plaintiff.

*Arthur E. Sewall* and *Thomas L. Cleaton* (*Mr. Sewall* orally), for the defendant.

WOODBURY, J.  Since the plaintiff was approaching on foot from the defendant's left and since he was struck by the right front corner of the defendant's car, he must have been within the area lighted by the defendant's headlights for an appreciable time before he was struck.  If the defendant was unable to see him because of the weather or because of the dazzling effect of the lights of approaching cars, both of which impediments to vision he knew existed, he could be found to have been negligent in proceeding across the intersection at the speed at which he says he was driving.  *Kelley* v. *Lee, ante,* 100.  If, on the other hand, the weather or traffic conditions were not such as to render the plaintiff difficult to see, then the defendant could be found to have been negligent for failing to keep an adequate look-out ahead.  *Carlin* v. *Drake, ante,* 52.  He drove through the intersection either knowing that he could not see or without seeing what must have been visible in his path.  In either event negligence on his part was a possible conclusion.

The recent case of *Grealish* v. *Odell, ante,* 130, upon which the defendant relies, is not in point.  In that case the plaintiff, after dark upon a night when the visibility was poor, was coasting prone upon a sled along the highway in front of the defendant's automobile. There being no evidence of the defendant's excessive speed and there

being nothing to put him upon notice that persons might be coasting along the highway in his path, we held that the defendant could not be found to have been negligent for failing to see the plaintiff until the latter rose to his feet immediately in front of the defendant's car. The case at bar is radically different in that the plaintiff here was walking in an erect posture over a cross-walk at an intersection and was struck very soon after the lights gave the defendant the signal to proceed. Under these circumstances the defendant should have realized that pedestrians might be caught in the street by the changing lights before they had an opportunity to gain the opposite sidewalk. In the *Grealish* case there was no reason for the defendant to have anticipated that someone might be in his path while in the case at bar the reverse is true.

The plaintiff, on the other hand, cannot be found to have been free from causal negligence. When he first started across State Street he observed that the lights were amber but he did not know how long they had been showing that color or when they might change to signal traffic upon that street across the intersection. He saw cars halted for the signal to cross his path and he must have known that they would be set in motion when the signal was given. In spite of this he proceeded across the street, with which he was thoroughly familiar and which he must have known was subject to heavy traffic, without paying any heed to it or to the lights which controlled it.

The cases of *Carlin* v. *Drake, ante,* 52; *Nicholaides* v. *Wallace,* 86 N. H. 465; *Carr* v. *Orrill,* 86 N. H. 226; *Chemikles* v. *Company,* 84 N. H. 437; and *McCarthy* v. *Souther,* 83 N. H. 29 are not authorities for the plaintiff. In all of them the plaintiff pedestrian, after looking, had reason to believe either that he could cross the path of the defendant driver in safety, or else that the latter would see him and take steps to avoid running him down. In the instant case such is not the situation. Here the plaintiff, knowing that cars on State Street were waiting to cross the intersection and that at any moment the lights might change to permit them to do so, and knowing that, if they should start, his path would intersect theirs, nevertheless walked blindly in front of them, without giving the slightest heed either to them or to the lights which controlled their movements. Although he "had the right to rely on careful driving towards him" (*McCarthy* v. *Souther, supra,* 31) the circumstances of this case are such that he cannot be said to have been in the exercise of due care in relying exclusively upon the defendant's watchfulness. This right of reliance

upon another's care does not dispense with the duty to exercise due care for oneself. It is only one of the circumstances in the light of which that care is to be determined. Full reliance may not be placed upon another's care when it is unreasonable to do so, and, since the plaintiff must have known, had he given the matter any thought, that conditions of visibility were such that he might not be seen by one operating an automobile it cannot be found that he acted reasonably in casting full responsibility for his safety onto the shoulders of the defendant.

The conclusion is inescapable that he was heedless of his own safety from the time he stepped "down off" the northerly curb until the moment of impact, a distance not of four or five feet as in the *Nicholaides* case, but of some thirty-eight feet; a distance in which he should have exercised some care. There is no evidence that while traversing that distance he used any care at all; and that care, if exercised, would have been availing is obvious. The plaintiff's behaviour in the face of apparent dangers of which he was aware can only be characterized as negligent. The cases of *Gahagan* v. *Railroad*, 70 N. H. 441; *Olsen* v. *Railroad*, 82 N. H. 120 and *Robinson* v. *Railroad*, 85 N. H. 474, preclude the plaintiff's recovery.

Since the defendant's motion for a nonsuit should have been granted his motion to set the verdict aside does not require consideration.

*Judgment for the defendant.*

All concurred.