Merrimack,  
Jan. 4, 1938.

ANNA L'HEUREUX *v.* GEORGE DESMARAIS.

*Warren, Wilson, McLaughlin & Wiggin* (*Mr. Wiggin* orally), for the plaintiff.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

MARBLE, J. The first request disregards the question of the adequacy of the plaintiff's observation and requires the jury to determine her conduct in relation to what she actually saw. It was evening and it was raining and she had her umbrella up. She testified that she did not see the defendant's car until it was practically upon her. The jury may well have believed that her glance to the left was inadequate and that if she had looked carefully she would have seen the defendant either approaching the cross-walk or waiting for the south-bound car to pass. Her conduct was not to be tested in the light of her observation but rather in the light of what she ought reasonably to have seen. *Niemi* v. *Railroad*, 87 N. H. 1, 3. Plain-

tiff's counsel evidently recognize the force of this distinction, for their argument is based on the assumption that the plaintiff first "exercised due care in determining that she could safely cross."

But whatever she may or may not have observed at the curb, she could not fairly assume that on a busy Saturday night, at an active street corner, in the business district of the city, traffic which had the right of way would remain stationary for ten seconds or more while she walked a distance of some thirty-eight feet. She saw cars going north and "saw one that was stopped coming toward the west," and she knew that while the traffic light showed green on Main Street, cars going either north or south were permitted to turn west. She must also have known that, in the rain, "conditions of visibility were such" that she might not readily be seen by one operating an automobile. *Jackson* v. *Smart, ante,* 174.

In the case of *McCarthy* v. *Souther,* 83 N. H. 29, from which the second request is taken, the decedent, having alighted from a friend's automobile, was crossing the street to enter his home. 390 Briefs & Cases, 793. The highway was not heavily traveled, and there was no car in sight except the one which caused the accident. Obviously the facts which there called for emphasis on the respective duties of motorist and pedestrian are quite different from the facts here disclosed.

The court did not err in denying the requests.

*Judgment on the verdict.*

All concurred.