Hillsborough,
March 4, 1941. } No. 3229.

## ANN MORAN *v.* MAURICE H. DUMAS.

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*Paul E. Nourie*, for the defendant.

ALLEN, C. J. This is a case of a pedestrian colliding with an automobile while the pedestrian was crossing a highway. The plaintiff walking on a cross-walk from the east to the west side of Main Street in Nashua was struck by the defendant's car which he was driving northerly on the easterly side of the roadway of the street. The roadway was three rods wide, and the cross-walk connected two

streets each of which terminated at its intersection with Main Street. An officer stationed at the center of the roadway on Main Street and opposite the two intersecting streets was directing traffic.

The evidence, much in conflict and in some respects confusing, entitled the jury to draw inferences to be accepted as facts, in explanation of the collision. Among such inferences, the plaintiff before leaving the sidewalk on the easterly side of Main Street and entering the cross-walk saw the officer give a signal which she reasonably and properly understood to be for her as notice that she might proceed to cross the street. Also, she looked to the south and observed one or two cars stopped on the southerly side of the cross-walk between her and the officer. The defendant's car struck her while she was eight to ten feet from the sidewalk and while it was passing the stationary car or cars on their right. That she was at fault for the collision in any contributory degree is not an obligatory finding.

The evidence tended to show that the officer gave the defendant a signal to pass over the cross-walk. But other evidence tended to show that no such signal was given, and that although the defendant was aware that traffic was being controlled at the place and although, as it might be found, one or two cars facing in the same northerly direction in which he was traveling, were stopped there, he took no pains to appraise the situation and meet its requirements. Even if it were found that a signal to cross the street was given to the plaintiff which the defendant reasonably thought was intended for him to proceed without stopping, it could also be found that watching ahead he would have observed the plaintiff not over ten feet from the sidewalk, and in season either to stop or to swing to his left. If he had seen the plaintiff when, as it might be found, he should have done so, he had a clearance of fifteen feet between her and the center line of the roadway, and he had, as well, time in which to stop before reaching her path of travel. A green traffic light permits travel to proceed, but it does not guarantee safety or dispense with all need of observation. *Jackson* v. *Smart,* 89 N. H. 174. Compliance with a traffic officer's directions likewise is not a complete release from the duty of care in other respects.

The defendant's fault as the sole legal cause of the collision was a reasonable conclusion.

Evidence of the plaintiff's conduct if she were driving a car approaching a highway intersection where an officer was controlling traffic was properly excluded. It was too remotely relevant to be

admissible unless in discretion. What she would have done if in the defendant's place was of feeble light in helping to show careless inattention on her part in venturing on foot across the street.

A witness for the plaintiff claiming to be present at the time and place of the accident was asked in cross-examination why as a matter of justice he did not give his name and address to the officer directing traffic. The question was relevant only on the credibility of the witness, and it called for an answer having such indeterminate bearing on the issue of credibility that it was properly excluded in discretionary expediency.

Two exceptions to argument are based on a claim of misstatements of the evidence. The court had instructed the jury to take their own recollection of the evidence when counsel disagreed about it. The jury is assumed to have heeded the instruction. "The court was under no duty to do more unless the defendant pursued the objection further" (*Manning* v. *Company*, 90 N. H. 167, 174), and here no further procedure was sought.

On the issue of damages, defendant's counsel argued, that a doctor's charge of $500 for an operation taking an hour of time was a "pretty stiff fee," and that "day nurses and night nurses and two doctors going in three or four times a day is a bit more than is strictly necessary in cases of a broken leg." Plaintiff's counsel in argument commented on these remarks in this language: "But she shouldn't have gone into that hospital and run up any doctor's bills . . . She should have been left there and the doctors should have let her suffer. She shouldn't have had her cast adjusted, she didn't need a day nurse and a night nurse. She perhaps should have been in a charity ward." This comment was preceded and followed by argument of the extent of the injury and of the need of what was done.

The comment was an expression of rhetorical license. It was satirical, in belittling the argument that more was done for the plaintiff than was fairly needed, and if it was forceful in that respect, it did not as matter of law exceed the bounds of proper argument. *Tucker* v. *Henniker*, 41 N. H. 317, 323.

Exception to the denial of the motion to set aside the verdict, being neither briefed nor argued orally, is unconsidered.

*Judgment on the verdict.*

All concurred.