JOHN KOHL, PLAINTIFF-RESPONDENT, v. ALBERT LIFSON & SONS, INC. (A CORPORATION OF NEW JERSEY), DEFENDANT-APPELLANT, AND JULIUS BERTIGER, DEFENDANT.

Submitted February 13, 1942—Decided April 23, 1942.

For the plaintiff-respondent, *Edward Cohn* (*Samuel J. Marantz*, of counsel).

For the defendant-appellant, *Edward R. McGlynn*.

The opinion of the court was delivered by

HAGUE, J. This is an appeal by the defendant Albert Lifson & Sons, Inc., a corporation of New Jersey, from a Supreme Court judgment (Union County) in favor of the plaintiff, against it and another defendant, Julius Bertiger, who does not appeal.

Lifson & Sons, Inc., owns and operates a furniture store in Elizabeth, New Jersey. Part of its business is done on a credit plan, generally called "installment accounts." Employees are engaged to make collections on these installment accounts, each in a particular territory. These men also carry samples of merchandise with them, small articles, which they endeavor to sell while making collections. The company does not furnish these employees with automobiles but as part of the contract of hiring allows them a stipulated amount per week to cover the cost of the use, maintenance and

repair of their own cars, used in the employer's business. No instructions are given with regard to the hours when or places where they may operate except generally as to a designated territory. Their hours, and the length of the working day, are not fixed by the employer. The only specific instructions seem to be that such employees have to report to the place of business of Lifson & Sons., Inc., three times during each week for the purpose of reporting the collections and sales made and of picking up such merchandise as they may desire to deliver to their customers. Generally speaking, they use their own discretion as to the manner in which they serve the employer. Julius Bertiger, the other defendant, was an employee of this type.

The cause of action arose as the result of an automobile accident which occurred on November 3d, 1939. Plaintiff, John Kohl, a pedestrian, was struck while crossing Frelinghuysen Avenue, Elizabeth, New Jersey, by an automobile owned and operated by Bertiger. At the time Bertiger was in appellant's employ as a salesman and was making collections on certain accounts while enroute from Newark to Elizabeth on appellant's business.

Two grounds of appeal, the court's denial of motion for nonsuit and for a directed verdict, are raised. They are argued under one heading, both raising the same question, namely, whether employer was liable for negligence of employee, Bertiger, while he was driving his own car although on his employer's business.

The evidence was not in dispute. The motions, as far as this appeal is concerned, were based on the contention that the doctrine of *respondeat superior* did not apply because of the absence of control by employer over the employee's operation of his automobile, even though that operation was negligent; or, to state the question involved in more general terms: Where an employee is required to use a car in his work on his employer's business and would not have obtained the job unless he had a car, and where he received a weekly allowance from his employer to cover the expense of the car, is the employer liable for the employee's negligence while on employer's business although the latter does not actually con-

trol the former as to when he shall drive or the route, &c., he shall take? Our cases and the authorities generally have answered this question in the affirmative. The test is whether the employee is on the employer's business at the time (5 *Am. Jur.* 709, § 373; 729, § 393). Whether the car is the property of the employer or not is immaterial if its use was authorized by the employer, as here it was. (87 *A. L. R.* 783, 787; 17 *Id.* 621; 54 *Id.* 627.) See, also, *Warne* v. *Moore,* 86 *N. J. L.* 710; *Auer, &c.,* v. *Sinclair Refining Co.,* 103 *Id.* 372, 376; Compare *Giroud* v. *Stryker, &c.,* 104 *Id.* 424.

It is conceded that Bertiger was an employee of appellant and on appellant's business at the time of the accident. The argument for non-liability of the employer must necessarily rest on the theory that while employee was driving his own car the employer could not have control over the manner of the employee's driving. If that were to be the test, an employer could never be held except in cases of willful wrong in giving instructions to an employee who later executes such wrongful instructions faithfully.

The appellant concedes that the courts of this state have passed upon this question several times but argues that our holding should be changed; that we should adopt the minority view of the law as expressed in such adjudications as in *McCarthy* v. *Souther* (*N. H.*), 137 *Atl. Rep.* 445, and *Hutchins* v. *John Hancock Mutual Life Insurance Co.* (*N. H.*), 192 *Id.* 498. Our view has been stated in several cases and we adhere to it. See *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598 (cited by this court in *Auer* v. *Sinclair Refining Co., supra*). There an employee was full time sales agent of defendant within specified territory. He paid all his own traveling expenses. Defendant had knowledge that its agent was previously using a horse and wagon, the wagon furnished on rental to the agent by defendant and later abandoned in favor of an automobile. Liability of the employer was based on fact that the accident occurred while agent was acting within the scope of his employment.

In *Auer* v. *Sinclair Refining Co., supra,* one MacLachlan was employed as full time salesman for defendant and in

specified territory. He was authorized to use his automobile in doing his work, employer paying him "for the upkeep and running expenses of his car weekly * * * the company retained control and directed the work by daily telephone or written communications with him from its New York office. He was, therefore, a servant * * * and not an independent contractor * * *."

At the time of the accident in the present case the employee was driving home from his last business call. It is obvious that at the time he was acting within the scope of his employment; that he was on the appellant's business; that the relationship of employer-employee was not terminated.

The doctrine of *respondeat superior* applied under the circumstances and conditions that existed in this case. We find no error in the court's refusal to nonsuit the plaintiff or direct a verdict for the defendant.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.