Strafford,
May 2, 1944. } No. 3470.

ERNEST H. GROGAN, *by his next friend v.* EDWIN J. YORK.

SAME *v.* HAROLD T. HANSON.

WESLEY E. GROGAN *v.* EDWIN J. YORK.

SAME *v.* HAROLD T. HANSON.

*George D. Varney* (by brief and orally), for the plaintiffs.

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the defendants.

JOHNSTON, J. At the time of the accident the plaintiff Ernest H. Grogan was five and a half years of age. From the undisputed facts and the evidence most favorable to the plaintiffs, we have the following account. Dennett Road was about 18 feet wide with a bank or ridge on the easterly side perhaps 2 or 2½ feet high of dirt, mud and ice pushed there by a bulldozer. The surface of the street was thawing with the ground frozen underneath. There were ruts, holes and mud puddles in the road. The truck involved was a two to three ton International dump truck with dual wheels in the rear and was loaded with about a thousand feet of lumber. The track of the single front wheels and of the inner rear wheels was about 5 feet

in width. The outer of the dual wheels added about 8 inches on each side. The width of the body was 7½ feet on the outside including the flare on each side, which flare was 6 inches on either side 2 or 2½ feet from the bottom, the latter being·3 feet from the ground. The truck driven northerly by the defendant Hanson proceeded in high gear at 8 to 10 miles an hour in the middle of the road past a car of one Weeks which was parked on the easterly side of Dennett Road just north of a mailbox on the northerly side of the Grogan driveway. Ernest and his two companions left the Hook house next northerly of the Grogan home and walked southerly 2 or 3 feet inside the cast-up bank. About opposite a large boulder to the east of the road between two maple trees there was a big deep puddle. The tracks of the truck turned to its right at this point and then resumed their middle course in the road. At this place handy to the boulder, 2 feet or a little more from the bank, there was seen after the accident a scuff mark in the road as if something had fallen there. Mr. Weeks, a witness for the defendants, testified that the middle boy seemed to him, seated in the driver's seat of his car, to move in the direction of the truck and put up his hand to the truck. Robert Brosseau, one of the three boys, said that Ernest did not try to grab hold of the truck, that he would not say that. Ernest was hit by the outer of the right rear dual wheel in the side, back of his right pelvis. It was within the province of the jury to find that the movement of Ernest towards the truck was made without notice or appreciation of the nearness of the truck, that putting up his hand was done instinctively when he was startled, and that the proximate cause of the accident was the negligent nearness of the truck driven by the defendant Hanson. *Monroe* v. *Sterling*, 92 N. H. 11, 14. The question of the due care of Ernest was submitted to the jury and they answered that he did show such care. In *Dorr* v. *Railway*, 76 N. H. 160, 161, this Court held with respect to a boy five and a half years old, that "contributory negligence is not imputable to a child of his age."

The defendants excepted to the Court's allowing Mrs. Grogan to testify that in answer to her question where did it happen, somebody screamed, "Right there." On hearing the screaming of children, the mother went out the front door to Mr. Weeks' car where the above-stated answer was given her. The defendants object to this hearsay on the ground that the accident occurred 50 to 75 feet north of where the car was parked and that there was no evidence that Mrs. Grogan went such a distance before inspecting the surface of the

road. This argument is not correct. When Mrs. Grogan was asked where the marks were that she described, she testified, "They crossed, I should say, about where the big boulder is . . ." This boulder was approximately 65 feet from where Mr. Weeks sat in his car. In view of this substantial agreement as to the scene of the accident, the introduction of the bit of hearsay to explain why the mother looked was harmless. Another exception relates to the exclusion of evidence that Mr. Grogan with his counsel visited Mr. Weeks so that the latter's testimony was available to the plaintiffs. This evidence had been introduced through Mrs. Grogan and was not disputed. It was within the discretion of the trial Court to exclude it when offered a second time. See *Wright* v. *Woodward*, 79 N. H. 474, 477. The defendants excepted to the denial of their motion at the close of all the evidence to withdraw certain testimony of Mr. and Mrs. Grogan. The refusal of such a motion at such a time was within the discretion of the trial Court. *Wik* v. *Company*, 91 N. H. 170, 172.

Exceptions were taken by the defendants to portions of the argument of plaintiffs' counsel. Counsel first stated that Mr. Weeks didn't testify to the fact that the boy ran out there 6 feet or any such a distance. On objection Mr. Varney changed his argument to saying that on cross-examination Mr. Weeks admitted he did not know whether the boy took one step or two steps. On this examination he had testified that he couldn't be absolutely positive that the boy moved more than 3 feet and again that all he knew was that the boy took a step out nearer the truck. At the time of the objection and again in the charge the Court cautioned the jurors to use their own recollection. This exception is overruled. The argument that Ernest moved not noticing the truck was an inference within reason, meaning that he had not noticed or appreciated how close the truck was to the easterly side of the road. Two exceptions deal simply with the due care of Ernest and the alleged negligent conduct of Hanson in driving where he did. The remaining exception to the argument dealt with Hanson's failure to return to the scene of the accident, which was referred to for the purpose of showing his lack of knowledge. It as well as the others must be overruled.

Exceptions to the failure to give certain requests and to the charge have not been argued or briefed and are deemed waived. *Smith* v. *Bank*, 70 N. H. 187, 191.

*Judgments on the verdicts.*

Burque, J., dissented on the question of the defendants' negligence: the others concurred.

On Rehearing. After the foregoing opinion was filed, the defendants moved for a rehearing and argument was invited on the exception to the portion of the Court's charge, wherein it was stated that the plaintiffs claimed negligence on the part of the defendants in failing to give sufficient warning.

Johnston, J. The language of the charge to which exception was taken is as follows: "The plaintiff in these four actions claims that Mr. Hanson was negligent in that he drove along the highway known as the Dennett Road in a careless manner in that by driving so close to the plaintiff without giving him sufficient warning he caused the plaintiff to be struck by the truck operated by Hanson." The defendants argue that the undisputed evidence is that the driver did give notice of the approach of the truck by giving one sound of the horn and that there is no evidence that the plaintiff Ernest did not know that the truck was approaching. According to the testimony, the driver sounded his horn as he passed the Weeks' car about 75 feet from the place of the accident. The boys were approaching this place from the opposite direction. It was findable that there was a dangerous situation due to a change in the course of the truck nearer to the boys around the big puddle opposite the large boulder. There was evidence that the marks of the truck went within 2 or 2½ feet of the thrown-up bank on the easterly side of the road and that the boys walked towards the Grogan home 2 or 3 feet inside this bank. Under these circumstances the jury might decide that due care required warning of a hazard created by the driver in addition to the one blast 90–100 feet away giving notice of the approach of the truck. *Simoneau* v. *Corporation*, 85 N. H. 57. The instruction of the Court submitting the issue of insufficiency of warning in connection with the issue of negligent nearness of the truck was not error. *Mooney* v. *Chapdelaine*, 90 N. H. 415.

*Former result affirmed.*