Merrimack,
Mar. 3, 1953. } No. 4177.

ARTHUR E. PORTER, *Adm'r v.* DAVID BARTON.

*Arthur E. Porter* for the plaintiff.

*Upton, Sanders & Upton* (*Mr. Frederic K. Upton* orally), for the defendant.

LAMPRON, J.   Plaintiff gives two reasons why defendant's plea should have been overruled.   First, he failed to prove that Locke was an employee subject to the Workmen's Compensation Law. Second, assuming Locke could be found to be such an employee, defendant failed to prove that he, Barton, was subject to that Law or that he had complied with its requirements.

Locke began working for defendant sometime prior to November 5, 1949, as a woodchopper.   He was assigned to limbing or trimming trees and was paid seven dollars a day for his labor.   He furnished his own ax as is customary.   Defendant told the chopping crews where to cut and exercised general supervision over the cutting operations.   He was sick the morning Locke was hurt and was not on the lot.   Before that, however, he had been watching him pretty closely.   He used to stay right there and watch him quite a lot. This evidence furnished ample basis for the Court's conclusion that Locke was subject to Barton's control or right to control and was an employee within the provisions of Laws 1947, *c.* 266, *s.* 2 II. *McCarthy* v. *Souther,* 83 N. H. 29, 37; *Porter* v. *Company,* 83 N. H. 334, 335; *Bisson* v. *Air Service,* 91 N. H. 73; Restatement, Agency, *s.* 220.

Defendant is in the lumber business.   He has a saw mill and

operates lumber lots. He sells about two million board feet of box board per year. At the time of the accident he employed about fifteen men regularly in his operation. Contrary to plaintiff's contention, on those facts defendant became subject to the provisions of Laws 1947, c. 266, by virtue of section 2, paragraph II, thereof. He had no right of election under section 3.

The lack of evidence that defendant posted the notice required by section 7 of that chapter did not alter his status. *Globe Indemnity Co.* v. *Peckham,* 97 N. H. 487. Assuming also that he had not complied with the requirements of section 8 as to security for compensation, he is still subject to that Law. A violation of either or both of said sections subjects him to certain penalties but there is no indication therein anywhere that he would thereby become free from its requirements. Although in this particular case it may be to plaintiff's advantage to seek redress at common law " 'in the vast majority of . . . cases the provisions of the statute are very much to the benefit and advantage of the employee.' " *Carbonneau* v. *Company,* 96 N. H. 240, 244. The above interpretation of the statute is therefore, in our opinion, consonant with the legislative purpose of workmen's compensation acts. *Carbonneau* v. *Company, supra.*

The language of section 9, to the effect that if an employer fails to comply with the requirements of section 8 his employee "may" file for compensation, does not, in our opinion, grant the employee, as plaintiff contends, a right of election. We have yet to see an act which orders a plaintiff to seek redress against anyone. The use of the word "may" instead of "shall" is of no greater significance there than its use in section 35 "if the compensation is not fixed by agreement, either party may petition the superior court . . . ."

We are also of the opinion that Barton's failure to post the notice required by section 7, if such is the fact, did not keep the provisions of section 10 as to election from applying to decedent. The wording of the Law does not make the operation of that section conditional on the posting of the notice. And an interpretation that it did, as asked by the plaintiff, would, in the great majority of cases, contravene the result which the Legislature intended this Law to have, "viz, to abolish the common law system of defenses with reference to injuries to employees and substituting therefor a new type of liability, liability without fault, depending solely on relationship to the job." *Carbonneau* v. *Company, supra,* 244; *Globe Indemnity Co.* v. *Peckham, supra.*

In view of the result reached, the existence or extent of defendant's insurance coverage had no bearing on the issue before the Court. Plaintiff moved to have this evidence stricken on other grounds. However he suffered no prejudice from the denial of his motion.

The denial of plaintiff's motion to amend his declaration made during the course of the hearing presented a discretionary question of fact for the Trial Court. *Whitney* v. *Hood & Sons*, 88 N. H. 483. There being nothing in this case to indicate an abuse of discretion his exception is without merit. *Bacon* v. *Thompson*, 87 N. H. 270, 271.

*Exceptions overruled.*

All concurred.