Strafford
No. 7136

## JOHN H. WALKER

v.

## CHARLES DiPRIZIO & SONS, INC. & a.

November 28, 1975

*Shaines, Madrigan & McEachern and Sanford Roberts (Mr. Roberts* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls (Mr. Theodore Wadleigh* orally) for the defendants.

GRIFFITH, J.   Plaintiff seeks workmen's compensation benefits from the defendant Charles DiPrizio & Sons, Inc. The commissioner of labor, after hearing, found that he had no jurisdiction in the matter and plaintiff appealed to the superior court. The Trial Court, *Dunfey,* J., found there was jurisdiction but dismissed the appeal after finding there was no employer-employee relationship between the defendant and the plaintiff. Plaintiff's exception to the decree of dismissal was reserved and transferred by the trial court.

In the late summer of 1972, Charles DiPrizio & Sons, Inc., entered into a written contract with Ivan Washburn, also named as a defendant, for the chopping, yarding and hauling of logs from the DiPrizio lot in Berwick, Maine, to the DiPrizio lumber mill in Union, New Hampshire. Washburn was primarily in the business of hauling timber and had done business with DiPrizio in similar lumbering operations for several years. The agreement provided for payment to Washburn at the rate of $30 per thousand feet for logs delivered to the lumber mill in Union. The complete responsibility for the cutting, hauling and yarding of the logs lay with Washburn to be accomplished as he should determine. Washburn entered into an oral agreement with the plaintiff to pay the plaintiff $18 per thousand feet to cut the timber on the DiPrizio lot and pile the logs at roadside for Washburn to pick up. On January 6, 1973, the plaintiff sustained severe injuries from a falling tree while working on the Berwick lot.

The trial court found that the plaintiff owned all the equipment necessary to perform his agreement with Washburn and that two weeks before the accident he had purchased another skidder for fifteen thousand dollars. The plaintiff for a number of years had been regularly engaged in contract cutting operations for parties other than Washburn and Washburn did trucking for other parties besides DiPrizio. Both Washburn and the plaintiff considered themselves independent contractors and filed income tax returns as such. Washburn had no employees but the plaintiff hired and paid for employees, usually his sons, to assist him in cutting jobs. Both Washburn and the plaintiff understood they were to provide workmen's compensation insurance for their employees and while Washburn had no employees the plaintiff had been planning to see about insurance prior to the accident. Washburn had paid the plaintiff some ten thousand dollars for lumber cut before the accident, averaging about six hundred dollars a week.

The trial court ruled "considering the totality of the circumstances, coupled with the relationship of the parties, (plaintiff) was not an employee of either the defendant DiPrizio or the defendant Washburn; nor was the defendant Washburn an employee of DiPrizio, but rather, he as well was a self-employed independent contractor."

The plaintiff submitted requests for findings of fact and rulings of law including requests that the court find the defendant Washburn or DiPrizio had the right to control the manner in which the plaintiff performed his contract and that the defendants had the

right to fire the plaintiff. The trial court neither granted nor denied these requests but noted that they were covered in the other findings of the court. The blanket disposal of multiple requests in this fashion by a trial court is occasionally justified when such requests are not relevant to the ultimate result. However, the failure to rule specifically on requests for findings of fact fundamental to the verdict creates unfortunate problems on appeal.

Plaintiff argues that the evidence required the court to find that either the defendant DiPrizio or Washburn had the right to control the manner in which the plaintiff performed his contract and that defendants had the right to fire the plaintiff. The plaintiff does not dispute the findings of fact made by the court and a review of the record indicates that they were supported by the evidence. There was no direct evidence of any right to control the manner in which the plaintiff performed his contract and the findings of fact by the court would not support a conclusion that the plaintiff was subject to right to control on the part of either defendant. The findings that resulted in the conclusion that the plaintiff and the defendants were both independent contractors would not support a conclusion that either defendant could terminate his contract except in accordance with the terms of the contract. *Porter v. Barton,* 98 N.H. 104, 95 A.2d 118 (1953).

In *Hunter v. R.G. Watkins & Son, Inc.,* 110 N.H. 243, 265 A.2d 15 (1970), we overruled *McCarthy v. Souther,* 83 N.H. 29, 137 A. 445 (1927), doing away with the requirement that in order for an employer-employee relationship to exist, it was necessary for the employer to have the right to control the manner and means of the performance of the work. We noted that determining the existence of an employer-employee relationship required consideration of multiple factors although under certain circumstances some factors would be more determinative than others. Restatement (Second) of Agency § 220 (1958). The trial court correctly ruled in this case that on the "totality of the circumstances" the plaintiff was not an employee of either Washburn or DiPrizio.

Plaintiff urges us to abandon the common law test of employee-employer relationship and to adopt the "economic reality" approach. See 1A A. Larson, The Law of Workmen's Compensation § 43.40, 43.42 (1973). In substance, under this theory otherwise independent contractors are held to be employees within the meaning of the workmen's compensation law when their work is part of the regular manufacturing process, hazardous, with insufficient compensation to permit absorption of the

risk of injury and no possibility of distributing the risk through insurance. RSA 281:4-a (Supp. 1973) provides for this approach at least in part. It provides that contractors shall be liable for the payment of workmen's compensation for employees of their subcontractors and defines contractors as persons or organizations who contract to have timber cut and removed or contract to have a part of their regular and recurrent work or business done by a subcontractor.

The trial court found that Washburn and Walker were independent contractors in their relationship to each other and DiPrizio. Accordingly DiPrizio could not be liable under the statute to Walker who was not an employee of his subcontractor Washburn nor was Washburn liable to Walker as the statute imposed liability only to employees of the subcontractor. The trial court correctly ruled that RSA 281:4-a (Supp. 1973) did not apply to the relationship between Walker, Washburn and DiPrizio.

*Plaintiff's exceptions overruled; judgment for the defendants.*

All concurred.