Carroll
No. 80-326

HAMEL REAL ESTATE, INC. & a.

v.

CONSTANCE SHEPHERD

August 10, 1981

*Devine, Millimet, Stahl & Branch*, of Manchester (*Kevin C. Devine* on the brief and orally), for the plaintiffs.

*Dickson, Fauver & Cooper*, of North Conway (*Randall F. Cooper* on the brief and orally), for the defendant.

BROCK, J. The issue in this workmen's compensation case is whether the defendant was an employee of the plaintiff, Hamel Real Estate, Inc., when she was injured in a fall, or whether she was an independent contractor. On appeal from a decision of the labor commission, the Superior Court (*Temple*, J.) ruled that the defendant was an independent contractor and therefore not entitled to workmen's compensation benefits. An appeal was then filed in this court by the defendant, and we affirm.

On February 9, 1979, the defendant, Constance Shepherd, was injured when she fell on the steps of the Carroll County Registry of Deeds. It is undisputed that the defendant's reason for being at the registry was to perform duties connected with her association with the plaintiff Hamel Real Estate, Inc. The present dispute arose when Hamel's insurance carrier denied the defendant's claim for workmen's compensation benefits.

The insurer denied coverage on the ground that the defendant was an independent contractor and therefore not entitled to workmen's compensation benefits. *See Walker v. Charles DiPrizio &*

*Sons*, 115 N.H. 652, 655, 348 A.2d 355, 357–58 (1975); RSA 281:2 V (since amended, see 1979 Supp.). The defendant then requested a hearing with the department of labor, RSA 281:37, and the department ruled that she was an employee of Hamel as defined by RSA 281:2 III, and therefore entitled to workmen's compensation benefits. Following that determination, the plaintiffs appealed to the superior court, raising as their sole issue the question of the defendant's legal status with Hamel. RSA 281:37. *See generally Charles & Nancy, Inc. v. Zessin*, 118 N.H. 556, 558, 391 A.2d 880, 881 (1978).

The evidence presented to the superior court included a document entitled "Independent Contractor's Agreement," which the defendant signed when she became associated with Hamel. The defendant concedes that this document defined her relationship to Hamel as that of an independent contractor. We therefore need not dwell on the specific language of that contract. On the basis of this and other evidence, the trial court made the following findings, all of which are supported by the record: that the defendant paid all of her own license fees and membership dues, paid her own transportation costs associated with her job, and paid all of her own work-related entertainment expenses; that she was not required to maintain a specific sales quota or maintain a specific work schedule, and worked only on a commission basis; and that she paid all of her own income and FICA taxes. On the basis of these findings, the superior court ruled that the defendant was an independent contractor.

On appeal, the defendant raises two arguments which she contends require reversal of the trial court's decision. The first argument is essentially a sufficiency-of-the-evidence argument by which the defendant claims the evidence compelled a finding that she was an employee of Hamel. The second argument is that the legislature, through RSA ch. 331-A, has mandated that real estate salesmen, such as the plaintiff, be treated as employees of the broker with whom they are associated.

█ We find no merit in the defendant's first contention that the evidence compelled a finding that she was an employee of Hamel. It is clear from the trial court's written decision that it correctly employed the "totality of the circumstances" test, *Walker v. Charles DiPrizio & Sons*, 115 N.H. 652, 654, 348 A.2d 355, 357 (1975), in determining whether the defendant was an employee or an independent contractor for purposes of RSA ch. 281. *Id.; see Continental Insurance Company v. New Hampshire Insurance Co.*, 120 N.H. 713, 717, 422 A.2d 1309, 1312 (1980).

In light of the fact that the parties contractually established an independent contractor status for the defendant, *cf. Continental Insurance Co. v. New Hampshire Insurance Co., supra* at 717, 422 A.2d at 1312, along with the fact that Hamel had minimal control over the defendant and the other factors that we have previously set forth, we can find no error in the trial court's determination that the defendant was an independent contractor at the time of her accident. Our review of the record reveals that the trial court employed the proper test and that the evidence fully supports its ruling that the defendant was an independent contractor.

The defendant also contends that RSA ch. 331-A compels a ruling that she was an employee of the plaintiff Hamel at the time of her accident. She argues that because she was a licensed real estate salesman, RSA 331-A:1(c), and under contract with a licensed broker, RSA 331-A:1(b), and because RSA 331-A:4 (Supp. 1979) provides that: "A salesman may be licensed . . . for only a single broker at any one time, and . . . *no salesman shall be employed by*, or accept compensation from, any person other than the broker with whom he is licensed . . ." (emphasis added), she must be considered to have been Hamel's employee as a matter of law. The defendant also cites other sections of RSA ch. 331-A in support of her argument that that statute establishes the relationship between broker and salesman as that of employer-employee.

When the trial court addressed this argument, it determined that RSA ch. 331-A sets forth a licensing procedure only and does not purport to establish when an employer-employee relationship exists as a matter of law. We too are of the opinion that the defendant reads too much into RSA ch. 331-A. The statute is clearly a licensing statute and does not even remotely concern itself with matters touching upon workmen's compensation benefits. We find nothing in the language of RSA ch. 331-A that prohibits brokers and salesmen from entering into exclusive independent contractor's agreements. Moreover, the defendant asks us to hold that RSA ch. 331-A alters the well-established common-law test for determining when an employer-employee relationship exists. *Walker v. Charles DiPrizio & Sons, Inc.*, 115 N.H. at 634, 348 A.2d at 357. Absent clear statutory language to that effect, we will not do so. *Bolduc v. Herbert Schneider Corp.*, 117 N.H. 566, 568, 374 A.2d 1187, 1188–89 (1977); *cf. Walker v. Charles DiPrizio & Sons, supra* at 654–55, 348 A.2d at 357–58. Accordingly, the order is

*Exceptions overruled; affirmed.*

BATCHELDER, J., did not sit; the others concurred.