WRIGHT v. HOLBROOK.

The defendant and others, a committee of the town of Keene, to make improvements in and about a certain pond for the purpose of supplying the citizens of Keene with water, found it necessary to clear off a strip of land about the margin of said pond, which land the town of Keene had purchased for that purpose; and the committee had let to one Nourse the job of so clearing this land at a stipulated price. Nourse prepared the land for burning, and set fire to the brush and logs upon this land, which escaped, as was alleged, through the carelessness and negligence of Nourse, to the plaintiff's land, and consumed his wood, timber, and fences. *Held*, that the defendant would not be liable for the negligence or carelessness of Nourse by virtue of any relation between the defendant as committee of the town, and Nourse as a contractor or sub-contractor, who had the entire management and control of the clearing of the land, according to his contract.

Whether the town of Keene, as owner of the land which Nourse was clearing, could, under the circumstances, be held liable for the carelessness or negligence of Nourse—*quære*.

*Bush* v. *Steinman*, 1 Bos. & Pul. 404, overruled.

*Stone* v. *Cheshire Railroad Co.*, 19 N. H. 427, questioned.

CASE, by Charles Wright against Daniel H. Holbrook, for injury caused by setting a fire on land of the town of Keene, alleging that it was wittingly and rashly set by the defendant, and so carelessly managed by him that it escaped on to the plaintiff's land adjoining, and burned up his wood, timber, and fences.

At the trial, it appeared that the defendant and others were a committee duly appointed by the town of Keene to make improvements in and about a body of water called Goose pond, with a view to supplying the citizens of Keene with water, and that in doing so it became necessary to clear off a strip of land about the margin of the pond, which the town of Keene had bought for that purpose, and the committee had let to one Nourse the job of so clearing the land. On August 7, 1869, said Nourse, having prepared the land for burning, set fire to the brush and log-heaps on this land, from which it escaped to the plaintiff's adjoining land. The plaintiff contended that, by reason of a high wind blowing in the direction of his land, the fire was carelessly and imprudently set, and was afterwards carelessly managed by said Nourse. There was evidence also tending to prove that the defendant was present and aided in setting the fire that did the mischief; but this was denied by the defendant.

The plaintiff, however, contended that the defendant was liable for the carelessness and negligence of said Nourse, by virtue of the relation between them, whether the defendant aided in setting the fires or

not; and the jury having disagreed, this question was reserved for the whole court.

*Wheeler & Faulkner*, for the defendant.

The town of Keene was the owner of the land to be cleared, and Nourse had the work to do by the job. He was not the mere servant of the town, or of the committee, or of Holbrook, a member of the committee, but was a contractor to do a specified piece of work, and was alone liable for his own carelessness and negligence. This is not even the case of the owner of fixed property attempted to be charged for injuries done upon his premises by the carelessness of those doing work for his benefit under contract.

There is no suggestion that the committee, or Holbrook as a member of the committee, did not do a prudent and proper act within the scope of their authority, in contracting for the clearing of the land. The work done by Nourse was in the course of an independent employment, and while engaged upon his job he was not the servant of the town or the committee; and on no other ground is this suit to be maintained, unless Holbrook took part in setting the fire complained of. *Bush* v. *Steinman*, 1 Bos. & Pul. 404, and the early authorities bearing upon the doctrine of that case, were considered in *Stone* v. *Cheshire Railroad*, 19 N. H. 427, and the court were inclined to abide by the law of that case; but since that decision, the doctrine of *Bush* v. *Steinman* has been expressly overruled, both in England and in this country, and it is no longer regarded as sound law, even in the States which had once approved of it. *Reedie* v. *The North Western Railway Co.*, 4 Exchq. 244; and *Hobbit* v. *same*—see Law Reporter, April, 1850, p. 634; *Allen* v. *Hayward*, 7 Adol. & Ell. (N. S.) 960; *Knight* v. *Fox*, 5 Exchq. 721; 1 Law and Equity 497; *Blake* v. *Ferris*, 5 N. Y. 48; *Pack* v. *The Mayor &c.*, 8 N. Y. 222; *Hillard* v. *Richardson*, 3 Gray 349; *Painter* v. *Pittsburgh*, 46 Penn. St. 213.

If the decision in *Stone* v. *Cheshire Railroad* can be upheld at this time, it is upon the ground stated by the court in *Hillard* v. *Richardson*, as applicable to the case of *Lowell* v. *The Boston & Lowell Railroad*, and not upon the authority of *Bush* v. *Steinman*.

*Cushing*, for the plaintiff.

The defendant, Holbrook, was one of the committee to whom the town of Keene had intrusted the care and building of the water-works. As such board, they had full control of the land taken by the town of Keene under the statute for its water-works, and full power to cause the necessary works to be erected; and the injury of which the plaintiff complains was done by a subordinate employed by them. The action being for a tort, and no plea in abatement being interposed, the defendant may be separately charged.

1. Does the maxim, *respondeat superior*, apply? The case of *Elder* v. *Bemis*, 2 Met. 599, in which a surveyor of highways was held liable

for neglect and want of care of a laborer employed under him, shows that a public officer may be so charged.

2. Does the fact that the subordinate by whom the injury was done was a contractor by the job, and not a mere servant, relieve the defendant? We are, of course, fully aware of the English cases on this point. We think, however, that the case of *Stone* v. *Cheshire R. R. Cor.* must be in this State a controlling authority to show that the defendant is liable for the act of his inferior, notwithstanding he was a contractor by the job. To the same point are *Bush* v. *Steinman,* 1 Bos. & Pul. 404; *Stone* v. *Codman,* 15 Pick. 297; *Wiswall* v. *Brinson,* 10 Iredell 554; *Lowell* v. *Boston & Lowell R. R. Cor.,* 23 Pick. 24; which we cite from the note to 16 C. L. & E. R. 445.

SARGENT, J. The case of *Bush* v. *Steinman,* 1 Bos. & Pul. 404, was decided in 1799, and was as follows, as stated in the head note to the original opinion: "A, having a house by the road-side, contracted with B to repair it for a stipulated sum. B contracted with C to do the work; C with D to furnish the materials. The servant of D brought a quantity of lime to the house and placed it in the road, by which the plaintiff's carriage was overturned. Held, that A was answerable for the damage sustained." Many cases in England followed the principle and adopted the doctrine of this case, though the facts in but few carried the application of the doctrine so far as in the original case.

These cases are cited and commented on in *Stone* v. *Cheshire Railroad,* 19 N. H. 427, as well as those cited as authority in *Bush* v. *Steinman, Heine* v. *Nichols,* 1 Salk. 289, *Jones* v. *Hart,* 2 Salk. 441, *Stone* v. *Cartwright,* 6 T. R. 411, *Littledale* v. *Ld. Lonsdale,* 2 H. Black. 267, *Laugher* v. *Pointer,* 5 Barn. & Cress. 547—in which *Bush* v. *Steinman* is doubted and qualified—*Randleson* v. *Murray,* 8 Ad. & E. 109, *Milligan* v. *Wedge,* 12 Ad. & E. 737, *Allen* v. *Hayward,* 7 Ad. & E. (N. S.) 960, *Duncan* v. *Findlater,* 6 Clark & Fin. 894, *Quarman* v. *Burnett,* 6 M. & W. 499.

But the case of *Lowell* v. *The Boston & Lowell Railroad,* 23 Pick. 24, was the only case cited in this country as directly in point. This case in Pickering was decided in 1839, and the case of *Stone* v. *The Cheshire Railroad* in 1849. Upon examining the case in 23 Pick., it will be seen that there is no discussion of the principle involved, and no citation or examination of authorities, except the leading case of *Bush* v. *Steinman.*

But the subsequent cases in England have constantly modified or qualified or weakened the doctrine of the principal case, until it is finally considered as overruled in the courts of that country. *Knight* v. *Fox,* 5 Exchq. 721—S. C., 1 L. & Eq. 477—is directly opposed to *Bush* v. *Steinman,* and also to *Lowell* v. *The Boston & Lowell Railroad,* 23 Pick., *supra.* But the American publisher appends a note to this case, in 1 L. & Eq. 480, in which he says,—"The rule is well established that a master or principal is civilly liable for the negligence of his servant or agent in the course of his employment; but the later English authorities

have denied the application of such a rule where the relation is that of principal contractor and sub-contractor, and now seem to uniformly hold that such principal contractor is not responsible for the wrongful acts or negligent conduct of servants employed by such sub-contractor in the prosecution of the work; and the former cases of *Bush* v. *Steinman*, 1 Bos. & Pul. 404, and *Randleson* v. *Murray*, 8 Ad. & E. 109, have been denied to be law. See *Quarman* v. *Burnett*, 6 M. & W. 499; *Rapson* v. *Cubitt*, 9 M. & W. 710; *Milligan* v. *Wedge*, 12 Ad. & E. 737; *Allen* v. *Hayward*, 7 Q. B. 960; *Reedie* v. *North Western Railway Co.*, 4 Exchq. 244. And this, although such sub-contractor was also at the same time the general servant of his employers, or although the principal contractor reserved the right to discharge the workmen employed by the sub-contractor, if dissatisfied therewith. On the other hand, it has been held in this country that a railroad corporation is liable for the negligence of workmen employed by an individual who had contracted to construct a certain portion of the railroad for a stipulated sum; " and cites *Lowell* v. *The Boston & Lowell Railroad Corporation*, 23 Pick. 24, and *The Mayor, &c., of New York* v. *Bailey*, 2 Denio 433.

These cases, and especially the last, go to the extent of not only holding this defendant, whether he had anything to do with setting this fire, or ordering it, or being present when it was set, but would carry us further, and make the town of Keene responsible as the first contracting party; and also upon the doctrine of some of the cases cited, that the owner of real estate is responsible for its being so used as that no injury be done to others. The last case cited tends particularly in that direction. In that case the city of New York was holden liable for damages caused to third persons by the negligent and unskilful construction of a dam on the Croton river, built pursuant to the act for supplying the city with pure water, where it appeared that the city owned the land on which the dam was built, though said dam was built under the superintendence of the water commissioners—officers appointed by the State, and not subject to the direction or control of the city in any respect—who let the work to certain contractors under a written agreement; neither, in that case, had the city any right to interfere in the appointment or removal of the engineers or workmen who were employed in the construction of the work, nor to withhold the payment of their wages out of the fund provided by law for such payment. It is there said, by WALWORTH, Chancellor, that the decision cannot be sustained upon the ground that the relation of principal and agent, or master and servant, existed between the city and the engineers who surveyed and the workmen who constructed the dam in question; but it is put upon the ground that the owner of real estate is responsible for the negligent acts of persons employed in making erections upon it for his benefit, though the relation of master and servant does not exist between such owner and the persons so employed, upon the doctrine of *Bush* v. *Steinman*.

By that authority the town of Keene would be made liable for the acts of the committee, and also of Nourse and of everybody else who

might have anything to do with the clearing or preparing the lot, or constructing the works, or building dams, or doing anything upon this land which the town owned. But that would be carrying the doctrine too far for this case, for, though the city might be liable on that ground, this defendant could not be, as he did not own the land, nor was the work being done for his benefit, but for the benefit of the town of Keene. · If this defendant is to be held liable, it must therefore be upon the ground that Nourse was his agent or servant in doing the acts complained of, as this case cannot stand upon the doctrines of any of these cases.

But the holdings of the court in Massachusetts and New York have undergone a marked change since these cases were decided. In Massachusetts, the case of *Hillard* v. *Richardson*, 3 Gray 349, was decided in 1855, where it was held that the owner of land who employs a carpenter for a specific price to alter and repair a building thereon, and to furnish all the materials for this purpose, is not liable for damages resulting to a third person from boards deposited in the highway in front of the land by a teamster in the employ of the carpenter, and intended to be used in such alteration and repair. The plaintiff had relied in the argument upon *Stone* v. *Codman*, 15 Pick. 297, *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24, and *Earle* v. *Hall*, 2·Met. 353, as proving that the doctrine of *Bush* v. *Steinman* was the settled law of Massachusetts. THOMAS, J., in delivering the opinion of the court, first reviews the Massachusetts cases to show that they sustain no such position.

In speaking of *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24, he says,—" The defendants had been authorized by their charter to construct a railroad from Boston to Lowell four rods wide through the whole length. They were authorized to cross turnpikes or other highways, with power to raise or lower such turnpikes or highways so that the railroad might, if necessary, pass conveniently over or under the same. Now it is plain that it is the corporation that are entrusted by the legislature with the execution of · these public works, and they are bound in the construction of them to protect the public against danger. · It is equally plain that they cannot escape this responsibility by a delegation of this power to others. The work was done on land appropriated to the purpose of the railroad, and under authority of the corporation vested in them by law for that purpose. The barriers, the omission to replace which was the occasion of the accident, were put up and maintained by a servant of the corporation, and by their express orders, and that servant had the care and supervision of them. The accident occurred from the negligence of the servant of the railroad corporation, acting under their express orders. The case, then, of *Lowell* v. *Boston & Lowell Railroad* stands perfectly well upon its own principles, and is clearly distinguishable from the case at bar. The court might well say that the fact of Noonan's being a contractor for this section did not relieve the corporation from the duties or responsibility imposed on them by their charter and the law, especially as the

failure to replace the barriers was the act of their immediate servant, acting under their orders."

Judge Thomas then examines the leading case of *Bush* v. *Steinman*, and the cases upon which it was supposed to stand, and concludes that this case does not stand well, upon authority or reason ; and then examines the subsequent decisions in England, viz., *Sly* v. *Edgerly*, 6 Esp. 6 ; *Mathews* v. *West London Water Works*, 3 Camp. 403 ; *Harris* v. *Baker*, 4 M. & S. 27 ; *Hall* v. *Smith*, 2 Bing. 156 ; *Randleson* v. *Murray*, 8 Ad. & E. 109 ; *Burgess* v. *Gray*, 1 C. B. 578 ; *Sadler* v. *Henlock*, 4 El. & Bl. 570 ; *Laugher* v. *Pointer*, 5 Barn. & C. 547 ; *Quarman* v. *Burnett*, 6 M. & W. 499 ; *Milligan* v. *Wedge*, 12 Ad. & E. 737 ; *Rapson* v. *Cubitt*, 9 M. & W. 710 ; *Allen* v. *Hayward*, 7 Ad. & E. (N. S.) 960 ; *Reedie & Hobbit* v. *London & North Western Railway*, 4 Exchq. 244 ; *Knight* v. *Fox*, 5 Exchq. 721 ; *Overton* v. *Freeman*, 11 C. B. 867 ; *Peachey* v. *Rowland*, 13 C. B. 182 ; *Ellis* v. *Sheffield Gas Consumers Co.*, 2 El. & Bl. 767 ; *Leslie* v. *Pounds*, 4 Taunt. 649. Upon this examination he concludes that *Bush* v. *Steinman* is no longer law in England, and that if ever a case can be said to have been overruled, directly and indirectly, by reasoning and by authority, this has been.

He then says,—" The suggestion is made, that whatever may be the result of the later cases in England, the doctrine of *Bush* v. *Steinman* has been affirmed in this country." He then examines *Bailey* v. *The Mayor, &c., of New York*, and places that upon the same ground with *Lowell* v. *Boston & Lowell Railroad*, *Blake* v. *Ferris*, 1 Seld. (5 N. Y.) 48, *Stevens* v. *Armstrong*, 2 Seld. (6 N. Y.) 435, showing that they both reject the authority of *Bush* v. *Steinman*.

The cases of *Lesher* v. *Wabash Navigation Co.*, 14 Ill. 85, *Willard* v. *Newbury*, 22 Vt. 458, and *Batty* v. *Duxbury*, 24 Vt. 155, rest upon the same principle as *Lowell* v. *Boston & Lowell Railroad;* and our case of *Stone* v. *Cheshire Railroad* would stand well upon the same ground, without invoking the authority of *Bush* v. *Steinman*. The case of *Wiswall* v. *Brinson*, 10 Iredell 554, is admitted to sustain the doctrine of *Bush* v. *Steinman;* but that was a divided judgment, Ruffin, C. J., dissenting, while *DeForrest* v. *Wright*, 2 Mich. 368, is in direct conflict with the leading case, *Bush* v. *Steinman*.

In this case it does not appear that the defendant, or Nourse, or the town of Keene were acting under any public authority, so as to bring the case within the principle stated for works done under public authority, such as railroads and canals, where public policy holds the corporation responsible, and will not permit it to escape by delegating their powers to another. But if it did, it would go too far for this case, as we have seen, and make the town of Keene, or the corporation, whatever it may be, liable, and not this defendant. If the object were to hold the owner of land for acts done upon the land for his benefit, that would tend to charge the town of Keene, and not this defendant ; and we think that if the case stands only upon the facts that Nourse was a sub-contractor under the defendant with others, doing the work by the job, and being at liberty to do it in his own way, and use his

own discretion and judgment in clearing the land, that he alone would be liable in this action. But if the plaintiff can prove that the defendant assisted, or directed, or was present aiding or abetting, then he would be liable; but if the only ground is that the defendant is liable for the negligence and carelessness of Nourse, by virtue of the relation between them, as committee of the town and sub-contractor, to clear the land by the job at a specified price, then we think he is not liable.

The English cases go so far as to ignore the distinction made by THOMAS, J., in cases of railroads and other corporations, and draw the line closely between that class of cases founded upon the relation of contractor and sub-contractor, and the class founded upon that of principal and agent, where the principal has control of the workmen, and can discharge them at pleasure. I think the tendency is, in this country, not to recognize the distinction between railroads and other corporations on one side, and individuals or private companies on the other, and to adopt the doctrine of the late English cases, which would overrule *Stone* v. *Cheshire Railroad*, 19 N. H., not only so far as it stands upon *Bush* v. *Steinman*, but also so far as it is sustained by the doctrine of *Hillard* v. *Richardson*, 3 Gray. The case of erecting, maintaining, or suffering a nuisance upon one's real estate, stands upon its own ground; and there may be other cases or classes of cases that would be exceptional in their character.

But aside from these, the doctrine of principal and agent seems to be more and more recognized as the true and only foundation for the liability of one person for the acts or negligences of another.

*Case discharged.*