Coös,
Nov. 4, 1914.

Nelson E. Paro *v.* Whitefield Savings Bank and Trust Co.

Where the owner of a block employs a builder to furnish labor and materials required for repairs, but retains and exercises control as to details, he cannot escape liability for damages due to negligence of the workmen, on the ground that they are the servants of an independent contractor.

Certain evidence deemed sufficient to warrant the finding that a person furnishing labor and materials necessary for the repair of a building was an overseer under the direction and control of the owner as to the details of the work, and that the men engaged upon the job were servants of the owner, for whose negligence the latter was responsible.

Case, to recover for personal injuries from an obstruction to public travel on or adjacent to the sidewalk of a public highway. At the close of the evidence the defendants moved for a nonsuit; and upon the agreement of counsel that judgment should be entered for the plaintiff in the sum of $750 in case the order should be held erroneous, the motion was granted subject to exception. Transferred from the December term, 1913, of the superior court by *Sawyer,* J.

The defendants own and occupy a block facing southerly on Main street at the corner of School street. The School-street line of their lot is six feet westerly of the building, and the surface of the intervening land is laid in cement on the same grade as the sidewalk, which extends five or six feet further west, without any mark indicating the boundary between the highway and the defendants' premises.

In the summer of 1912, the defendants desired to make repairs upon their property and employed one Smith, a contractor and builder, upon the basis of payment for all labor and supplies furnished by him at cost, with ten per cent added. The defendants had plans and specifications prepared, but they were not followed. Smith furnished all the labor and materials except what was required for the painting and plumbing. After the work was begun it was decided to cement the cellar floor, and Smith did that job in the same way. During the progress of the work some of the men furnished by Smith left two rows of barrels of cement upon the concrete next the defendants' building, for storage over Sunday, covering them with boards laid upon pieces of joist as a protection against rain. The pieces of joist extended at right angles with School street near to or over the line of the highway. While passing over the walk at about 11 o'clock Saturday night, the plaintiff collided with the joist and received the injury complained of.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Morris* orally), for the plaintiff.

*Edgar W. Smith, Edmund Sullivan,* and *Edgar M. Bowker* (*Mr. Smith* orally), for the defendants.

PARSONS, C. J. The defendants did not surrender the possession of the bank premises to Smith, and if they were not legally responsible for the creation of the condition of danger to the traveling public from which the plaintiff received his injury, they had legal power to remedy it. Upon this view of the case, one question is whether the defendants knew or ought to have known of the condition in time to have prevented the injury by removing its cause. *Chickering* v. *Thompson,* 76 N. H. 311. Whether such a finding could be made upon the evidence may be doubtful; but if the defendants are responsible for the acts of the workmen who covered the cement barrels, this question need not be investigated. If these

men were the defendants' servants, the rule *respondeat superior* applies, and the defendants must respond for the damages occasioned by their want of care. The defence is that the workmen were the employees of Smith, who was not the servant of the bank, but an independent contractor over whom, as to the detail of the work, the defendants had no control.

"The rule is, that where the liability sought to be enforced is based upon the principle of *respondeat superior*, if the person for whose negligence recovery is sought is himself an independent contractor, or the employee of one over whom as to the detail of his work the defendant has no control, liability cannot be enforced by invoking that doctrine." *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522, 530. "The maxim, *respondeat superior*, depends on the presumed control implied by the relation between the parties. It therefore does not extend to the case of an independent contractor, to whom the execution of a work is committed without any control or power of direction being reserved on the part of the employer as to the manner of executing the work." *Carter* v. *Berlin Mills*, 58 N. H. 52, 53, 54. The negligent act causing the injury was done in protecting material brought upon the premises of the defendants for use in the repair or improvement of their building. It was part of the work then in progress. The plaintiff was entitled to go to the jury if any substantial evidence was presented tending to show that the workmen who did the act complained of were the defendants' servants.

The contract between the bank and Smith was not in writing. What it was must be determined from the evidence, and necessarily by the jury. Upon the evidence, it could be found that the bank did not relinquish the control of the premises to Smith, and that his contract merely was to furnish such material and workmen as the bank should from time to time require in the progress of the repair and improvement then contemplated, or decided upon in the course of the work. There was evidence that Page, for the bank, gave directions in the course of the work to Smith and the workmen; the plan prepared before the work was begun was not adhered to; it could be found that the cement was brought upon the premises for work not contemplated when Smith was employed. There was no evidence Smith objected to the changes made as the work progressed, or to the interference of Page, or understood he had any right to object. From these facts it could be inferred Smith was not employed to produce a certain result, with control over the details of

the work, but was employed to oversee the making of such changes as the defendants from time to time should direct, securing for them such of the necessary labor and material as the defendants did not otherwise provide; in short, that he was the defendants' servant, and that the workmen who did the work were the employees of the bank so far as this work was concerned and not the employees of an independent contractor. Aside from the direct testimony of Smith that everything was done under the supervision of Page, the treasurer of the bank,—that "he was the boss"—there was other evidence tending to the same conclusion. It is unnecessary to recite it. If Smith is believed, the bank not only retained the right of control as to the details of the work, but exercised such control. The credibility of the witness was for the jury. It is equally unnecessary to consider whether the evidence would justify a conclusion favorable to the defendants. The agreement of the parties disposes of the case if there was error in the order of nonsuit.

*Exception sustained: judgment for the plaintiff for $750.*

All concurred.