Hillsborough,
Nov. 3, 1920.

### WORCESTER L. WINSLOW *v.* J. FRANK WELLINGTON.

Evidence that the owner of premises in course of repair employed another for such work but retained control of it and could discharge him at any time, warranted the inference that such person was an agent of the owner in respect to part of such work and not an independent contractor.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. The plaintiff, who was an employee of John W. Flannigan, was injured by the collapse of the staging on which he stood to plaster one of the halls in the defendant's house. The defendant testified that he made a contract with Frank Smith by which Smith was to purchase the materials, hire the men and build the house in accordance with the plans and specifications furnished by the defendant's architect, that the defendant paid Smith what the materials and labor cost, four dollars a day for his services and a small commission on some of the materials and on the men he employed, and retained no control over the details of the work.

The plaintiff's evidence tended to prove that the defendant purchased the hardware and some of the lumber for the house, and employed the men who did the mason work, the painting and the papering, that Smith made no important purchase without consulting the defendant, and that the defendant could make any changes in the work or the way of doing it that he saw fit, and could discharge Smith at any time.

Transferred by *Marble,* J., from the September term, 1919, of the superior court on the defendant's exceptions to the denial of his motion for a directed verdict and to the charge. Other evidence relevant to the exceptions appears in the opinion.

*Doyle & Doyle (Mr. Paul Doyle* orally), for the plaintiff.

*Warren, Howe & Wilson (Mr. Howe* orally), for the defendant.

Young, J. It can be found that Smith was subject to the defendant's control in respect to the details of the work, consequently it can be found that he was not an independent contractor. *Paro v. Sav. Bank*, 77 N. H. 394.

It cannot be said therefore that the court erred when it denied the defendant's motion for a directed verdict, for it can be found that the staging was defective and that Smith was acting for the defendant when he built it.

The court first instructed the jury as to the test it should apply to determine whether Smith was an independent contractor, and then instructed it that, if it found that Smith was an independent contractor and as such employed Flannigan to do the plastering, that was the end of the case. The defendant in excepting to this said "my contention is that if the jury find that Smith was an independent contractor, that is the end of the case in respect to who employed Flannigan. I want to except to any other inference in the charge." If this language is given any meaning of which it is fairly capable, the only question raised by this exception is whether there is any evidence to warrant the findings (1) that Smith was an independent contractor and (2) that the defendant employed Flannigan to do the plastering.

It is a sufficient answer to the contention to say that Flannigan testified that the defendant employed him to do that work and that it could be found that Smith was an independent contractor in so far as the carpenter work on the house was concerned, and also the defendant's agent in charge of the work, and that he was acting in that capacity when he built the staging in question.

The defendant, however, both in his brief and in oral argument contends that that is not the question intended to be raised by this exception. He says the charge was misleading in that it gave the jury to understand that if it found that he employed Flannigan it could find for the plaintiff, but could not find for him. The facts, however, do not sustain this contention; for the case shows that the court, after giving the instructions to which exception was taken, instructed the jury in terms that it must find for the defendant even if it found that the defendant employed Flannigan to do the plastering, unless it also fou　(1) that the defendant provided the

staging, on which the plaintiff was working when the accident happened, as a completed structure for the use of Flannigan and his men, and (2) that the plaintiff was not guilty of contributory negligence.

*Exceptions overruled.*

WALKER, J., was absent: the others concurred.