Hillsborough,
No. 4227.

ROGER R. MIGNEAULT *v.* ST. GERMAIN MOTORS, INC.

Argued October 6, 1953.

Decided November 30, 1953.

338

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Sullivan & Gregg, S. Robert Winer,* and *Joseph M. Kerrigan* (*Mr. Kerrigan* orally), for the defendant.

KENISON, C. J. In support of defendant's motions for a nonsuit and a directed verdict it is urged that "whatever the speed of the defendant's vehicle may have been, it failed to impress this plaintiff." Although the plaintiff was the sole surviving witness to the accident, the record clearly indicates that he was not blessed with the photographic memory which enables some witnesses to forcefully state with mathematical precision the exact facts relating to the defendant's speed or other conduct alleged to be negligent. Nor did he attempt to estimate matters that he did not specifically remember or notice. This is illustrated by the following excerpt from his testimony: "Q. Now, was there any change in speed from the time you approached the curve, as indicated on the diagram? A. No, I didn't notice no change at all in speed.

Q. Had the car been going fast or slow? A. Well, I didn't notice the speed we were going. Q. Was it going right along? A. Right along. Q. And did it slow up at the curve? A. No. Q. No slowing up whatever? A. Well, I didn't notice no slowing up at all. Q. And then the car turned over? A. Yes. Q. And went across the road? A. That is right. Q. And then what do you remember next? A. The next I remember, I was in the hospital."

Of course the plaintiff had the burden of producing sufficient evidence to satisfy reasonable men that the operator's negligence caused the accident. *DiPietro* v. *Lavigne*, 97 N. H. 474. It is not enough to show merely that an accident happened. *Grigas* v. *Merrimack Farmers' Exchange*, 94 N. H. 232. Although the plaintiff did not testify that the defendant's speed was excessive, he did testify that the defendant's automobile did not reduce its speed in approaching the curve. This could be found by the jury to be in violation of a statutory duty then existing (R. L., c. 119, s. 16) and under the circumstances to be negligent. *Woodbridge* v. *Desrochers*, 93 N. H. 87, 89. When the approach to the curve is considered in conjunction with the distance the automobile traveled after first leaving the right-hand side of the highway, it gives some content to the plaintiff's mild statement that the defendant's automobile was "going right along." Whether the accident was caused by speed or failure to negotiate the curve because of inattentiveness is somewhat immaterial since either cause could be found to be negligent by the jury. In the final analysis this case is controlled by *Conant* v. *Collins*, 90 N. H. 434, 435, 436: "It cannot be doubted that only a little less speed or a slightly earlier turn of the wheel would have kept the car where it belonged." There is no error in the denial of the motions for a nonsuit and a directed verdict.

Defendant's requests for instructions to the jury numbered two and three stated in substance that the plaintiff had the burden of advancing affirmative proof of the defendant's negligence. Insofar as these requests were designed to indicate that the proof was to come from the testimony of the plaintiff, they were erroneous; and insofar as they stated a general requirement in any charge to a jury, they were adequately covered by the charge that was given to this jury. *Manor* v. *Gagnon*, 92 N. H. 435. Request number four, that there was no evidence that defendant's automobile was operating at an unreasonable speed, was properly denied for the same reasons that the nonsuit was denied. Request number five,

that evidence that a blowout occurred on a tire of the defendant's automobile would not warrant a verdict for the plaintiff, was not necessary on the evidence as submitted to the jury. The officer investigating the accident said that, "The tires were all O. K.; all full of air." The jury was told they were to disregard a statement which had been previously admitted relating to "the cause of the accident" as it related to a blowout of a tire. A request for instructions upon an issue not supported by the evidence is properly refused. *Savoie* v. *Littleton Const. Co.*, 95 N. H. 67.

Request number six called for an instruction that there was no evidence that a traffic sign near the point of the accident was authorized by law and therefore was not binding. In a case involving a stop sign, it was held reversible error to refuse an instruction as to its legality. *Legere* v. *Buinicky*, 93 N. H. 71; *Beaule* v. *Weeks*, 95 N. H. 453. Since there was no evidence that this speed sign was legally established, evidence of its existence could be used by the jury only as a surrounding circumstance of the accident (*Legere* v. *Buinicky, supra*, 72) and the principle embodied in the request should have been given in some form.

Request number thirteen was that, "the jury should disregard any evidence of cirrhosis of the plaintiff's liver." The medical evidence showed that the plaintiff had cirrhosis of the liver, that it was not caused by the accident and that some of the subjective symptoms of which the plaintiff complained could be due to this liver condition. While the jury was advised to award compensation and medical expenses which were occasioned directly from the accident and not to conjecture as to the extent of them, no reference in the charge was made to cirrhosis of the liver. A material but indefinite amount of the cost and duration of the hospital and other medical care described by the plaintiff was later shown by the medical testimony to be probably due to this cirrhosis. While the Court is under no duty to give special emphasis to selected portions of the evidence (*Russell* v. *First National Stores*, 96 N. H. 471), to allow the jury to award damages for hospitalization and medical expenses not causally connected with the accident is error. Although the request did not have to be given in the form requested, *Lynch* v. *Sprague*, 95 N. H. 485, it should have been given in some form since the evidence was an integral part of the medical testimony and necessarily affected the issue of damages. *Welch* v. *Hospital*, 90 N. H. 337, 345. Under the circumstances we cannot say the error was harmless.

Defendant's request fourteen sought to eliminate the issue of plaintiff's nervous condition after the accident. This was properly refused since there was ample evidence to justify its submission to the jury. *Bohan* v. *Company*, 98 N. H. 144; *Dunham* v. *Stone*, 96 N. H. 138; *Roy* v. *Levy*, 97 N. H. 36.

The order is

*New trial.*

All concurred.