Belknap,
No. 4568.

Doris E. Carr *v.* Merrimack Farmers Exchange, Inc.

Argued May 7, 1957.

Decided June 28, 1957.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Peter J. Bourque* (*Mr. Bourque* orally), for the defendant.

WHEELER, J. "When a motion for a nonsuit is made upon an opening statement which sets forth all the material facts of which evidence is to be presented, the statement is to be treated as though the evidence had been introduced. The inquiry then is whether upon that evidence there is a case for submission." *Charpentier* v. *Company,* 91 N. H. 38, 40; *Taylor* v. *Jewell,* 98 N. H. 331, 332. In passing upon defendant's motion for nonsuit, the Court must consider the evidence as true and consider all the evidence most favorably to the plaintiff. *Leonard* v. *Manchester,* 96 N. H. 115.

The decisive inquiry here is whether the defendant, through its agent Maxfield, had any control over Gevry in the operation and management of the trailer truck, which admittedly was not the property of the defendant. The defendant ordered the hay in Canada and was later to bill it to Dearborn, the ultimate user. Upon arrival at defendant's plant the manager ordered an employee to direct the driver to its destination and assist in unloading. After the accident the defendant's agent assumed control of the

hay to the extent of directing that part of the load spilled in the highway be delivered to a party other than Dearborn.

The cases of *McCarthy* v. *Souther*, 83 N. H. 29, and *Hutchins* v. *Insurance Company*, 89 N. H. 79, are authority for the proposition that a master is liable for the torts of his servant only if the master had control over the servant in the management and control of his (the servant's) automobile. This court has heretofore declined to follow the majority rule which imposes liability on the master when it appears at the time of the accident the employee was using his own automobile with the consent of the master either expressed or implied. 140 A. L. R. 1152-1157; 28 Mich. L. Rev. 365; 32 Mich. L. Rev. 276.

This court intimated (*Ross* v. *Express Co.*, 100 N. H. 98, 102) that under certain circumstances " . . . the requirement of control with respect to the details of the operation of an automobile should be dispensed with as a prerequisite to liability." While confirming what we said in the *Ross* case we nevertheless believe, assuming the truth of the facts as stated by plaintiff's counsel, and interpreting them most favorably to the plaintiff, that the driver could not be found to be subject to the direction and control of the defendant and therefore could not be found to be its agent. Whether the defendant could be held liable on other grounds (see *Nashua &c. Paper Co.* v. *Noyes Co.*, 93 N. H. 348, 350; Prosser on Torts (2d *ed.*) 358) is a question not presented by the transferred case.

*Remanded.*

All concurred.