Grafton,
No. 5968.

Margaret K. Hunter

*v.*

R. G. Watkins & Son, Inc.

Edgar H. Hunter and Margaret K. Hunter

*v.*

Same

Hartwell B. Abbott, *Ex'r*
Estate Of Chester D. Abbott

*v.*

Same

Margaret G. Hunter, *p.p.a.* Edgar H. Hunter

*v.*

Same

Edgar H. Hunter

*v.*

Same

Hartwell B. Abbott, *Ex'r*
Estate Of Grace B. Abbott

*v.*

Same

April 30, 1970.

244

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Richard M. Sullivan* ( of Massachusetts ) ( *Mr. Theodore Wadleigh* orally ), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* ( *Mr. Gross* orally ), for the defendant.

GRIFFITH, J. These are actions for wrongful death, personal injuries and property damage brought as a result of an accident on Route 4A in Enfield, New Hampshire, on August 6, 1965, involving motor vehicles operated by Edgar H. Hunter, Ralph F. Davis, Jr., and Chester D. Abbott.

Ralph F. Davis, Jr. was an employee of R. G. Watkins & Son, Inc. driving his own automobile at the time of the accident. All parties have agreed that it is desirable to have certain legal issues relating to the chargeability of R. G. Watkins & Son, Inc. for the acts of Ralph F. Davis, Jr. determined in advance of trial. These issues were reserved and transferred by *Keller,* J. without ruling, on an agreed statement of facts.

On August 6, 1965 Ralph F. Davis, Jr. was an employee of R. G. Watkins & Son, Inc. operating an L. V. truck on a road construction project in Lyme, New Hampshire. The truck operated by Davis broke down and a replacement part needed to repair it was located in Lawrence, Massachusetts. Davis was instructed to pick up the part and bring it back to the job site the next morning. He left about noon in his own car, stopping in Lebanon, New Hampshire at his apartment on the way down and in Salem, New Hampshire on the way back for personal errands.

The accident happened about 5:00 P.M. in Enfield, New Hampshire when Davis was on his way back to his apartment in Lebanon. His normal work day was from 7:30 A.M. until 5:00 P.M. and he was kept on the payroll until 5:00 P.M. on August 6, 1965 to compensate him for his time and gasoline in getting the part. It is agreed for the purpose of this transfer only that he was acting within the scope of his employment at the time of

the accident. The defendant reserves the right to contest this issue at trial.

The questions presented on these agreed facts are:

1. Is R. G. Watkins & Son, Inc. liable for the negligence of its employee, Davis, in the operation of a motor vehicle owned by Davis and operated while on company business within the scope of his employment?

2. If it is necessary to show control or right to control by R. G. Watkins & Son, Inc. what constitutes "control" or "right to control" within the meaning of New Hampshire decisions on this general subject?

Counsel for both the plaintiffs and the defendant expect us to re-examine the rule of *McCarthy* v. *Souther*, 83 N.H. 29, 137 A. 445 in answering the transferred questions. *McCarthy* v. *Souther, id.*, and its descendant *Hutchins* v. *Insurance Co.*, 89 N.H. 79, 192 A. 498 both involved salesmen operating their own cars on business of their employers. Recovery against the employers was denied on the ground that there was no evidence from which it could be found the employers had any control over the employees in the "management and operation of the latter's automobile." *McCarthy* v. *Souther, supra* at 37. In following this rule it is apparent that we belong to a dwindling minority. *Konick* v. *Berke Moore Company*, 245 N.E. 2d 750 (Mass. 1969), overrules Massachusetts' previous acceptance of the rule and its citations indicate our lonely situation. *See also,* cases cited in Annot., 53 A.L.R. 2d 631. This court has intimated in *Ross* v. *Express Co.*, 100 N.H. 98, 102, 120 A.2d 335, 337-38 and *Carr* v. *Merrimack Farmers Exchange*, 101 N.H. 84, 133 A.2d 497 an intention to re-examine our rule when the occasion presented itself and accordingly we do so here.

The vicarious liability of a master for the wrongs of a servant acting on the master's business has been firmly established in our law from earliest times. *See* Prosser, Torts 471 (3d ed. 1964).

The simple statement of the rule of respondeat superior, unchanged over the years, has not resulted in simple application. When the first confrontation arose and the defendant relied upon the liability of an independent intervening contractor our court held that the defendant was liable without any mention of the question of control. *Stone* v. *Cheshire Railroad Corporation*, 19 N.H. 427. The holding was questioned in *Wright* v. *Holbrook*, 52 N.H. 120 and *Carter* v. *The Berlin Mills Co.*, 58

N.H. 52, both of which, however, stated that the result could be justified by the evidence of retention of control over the workmen of the independent contractor by the defendant. Defendants were held liable for the faults of otherwise independent contractors on the basis that they retained control over the details of their work in *Paro* v. *Trust Co.,* 77 N.H. 394, 92 A. 331 and *Winslow* v. *Wellington,* 79 N.H. 500, 111 A. 631. Until *McCarthy* v. *Souther, supra,* control as the deciding factor had been restricted to cases in which the alleged servant was in all other respects an independent contractor. *But see Tuttle* v. *Dodge,* 80 N.H. 304, 116 A. 627 where the court stated that the employer exercised no control over the details of the employee's route, but enforced respondeat superior.

Restatement, Second, Agency retained without change the definition of a servant contained in section 220 of the first Restatement. In order to put into proper perspective the control test of *McCarthy* v. *Souther, supra,* this definition must be considered. Restatement, Second, Agency *s.* 220.

The facts listed by the Restatement as relevant in determining whether an employer-employee relationship exists require consideration of many factors unless control is decisive. Our own cases have ignored control where other facts showed the existence of an employer-employee relationship. In *Boston* v. *B. & M. &c. Inc.,* 91 N.H. 392, 20 A.2d 633 the question of control is not mentioned on facts similar to *McCarthy* v. *Souther, supra,* except that the company owned the car. The question of respondeat superior is not even mentioned in *Migneault* v. *Company,* 98 N.H. 337, 100 A.2d 901, where the employee whose negligence was charged to the company was the president, director and operating manager of the defendant. Where other facts indicate the nonexistence of an employer-employee relationship, control may be a decisive factor as in *Paro* v. *Trust Co.,* 77 N.H. 394, 92 A. 331 and *Winslow* v. *Wellington,* 79 N.H. 500, 111 A. 631 dealing with employees of an otherwise independent contractor, and *Currier* v. *Abbott,* 104 N.H. 299, 185 A.2d 263 dealing with a borrowed employee.

Generally the control factor has been overemphasized in judicial reasoning ( 2 Harper & James, Torts 1400 ( 1956 ) ) and we are usually concerned with whether on all the facts the community would consider the person an employee. Prosser, Torts 472 ( 3d ed. 1964 ). The fact that the employer in this case lacked control

of the method by which the employee operated his car does not make the employee an independent contractor. The same may be said of the fact that the employee owned the automobile. In some cases this could be very material but in the present case it is not a controlling factor. *Hinson* v. *United States,* 257 F. 2d 178.

"We are of opinion that we should no longer follow our cases to the extent that they indicate that a master-servant relationship does not exist unless the employer has a right to control the manner and means ( the details, in other words ) of operating the car. " *Konick* v. *Berke Moore Co., Inc.,* 245 N.E. 2d 750, 753 ( Mass 1969 ). Thus in this case where it is agreed that a regular employee is sent upon a specific errand, using his own car with the knowledge and permission of the employer, and it is agreed he was acting within the scope of his employment at the time of the accident, the employer is liable for his acts whether it had control of his detailed operation of the motor vehicle or not. We answer the first question transferred in the affirmative and the second question then requires no answer.

Defendant suggests that if we overrule *McCarthy* v. *Souther, supra,* as we have, that it be made prospective in its application and not apply to this case; relying on *Vickers* v. *Vickers,* 109 N.H. 69, 242 A.2d 57. None of the factors requiring the policy of prospective application in *Vickers* v. *Vickers, id.,* are present here. In any event the change in rule which the *Vickers* case made prospective was made in *Briere* v. *Briere,* 107 N.H. 432, 224 A.2d 588 and applied to the parties there.

*Remanded.*

All concurred.