**Claire KENERSON, Plaintiff,**

v.

**Charles STEVENSON, M.D., et al., Defendants.**

**Civ. 83–0070 P.**

United States District Court,
D. Maine.

Nov. 19, 1985.

Dennis Levandoski, Kettle & Carter, Portland, Me., for plaintiff.

John N. Kélly, Graydon G. Stevens, Kelly, Remmel & Zimmerman, John J. Flaherty, Mary P. Mitchell, Daniel Rappaport, Portland, Me. for defendants.

## ORDER DENYING MOTIONS OF DEFENDANTS MEMORIAL HOSPITAL AND LINDBLADE TO DISMISS AND FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

■ Before deciding the instant motions it is necessary to establish which law will be applied since this is a tort action brought under the Court's diversity jurisdiction. In diversity cases a federal court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In looking to the law of Maine, this Court finds that in choice of law questions arising in tort cases, the Maine Supreme Judicial Court has specifically endorsed the "most significant contacts and relationships" test of the Restatement (Second) of Conflict of Laws §§ 145–46 (1971). *Adams v: Buffalo Forge Co.*, 443 A.2d 932, 984 (Me.1982). Section 146 of the Restatement states that in an action for personal injury [1] the court should apply the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties. Since the injury in this case took place in New Hampshire, the Court must determine whether "the presumptive applicability of the law of [New Hampshire is] overcome by policy considerations or by an imbalance of contacts." *Mason v. Southern New England Conference Association of Seventh-Day*

---

1. This action is technically for wrongful death and negligent infliction of mental distress. Since these actions parallel personal injury actions, the Court finds § 146 of the Restatement equally applicable to cases involving such claims.

*Adventists,* 696 F.2d 135, 137 (1st Cir. 1982).

■ The contacts in this case are primarily with the state of New Hampshire. Although Plaintiff's decedent died in Maine, the actions alleged as the cause of his death and as the cause of Plaintiff's mental distress occurred in New Hampshire. Moreover, Plaintiff's initial injury occurred in New Hampshire. The Defendants are all New Hampshire residents and the relationship between the parties was centered at the hospital in New Hampshire. The fact that Plaintiff is a Maine resident is the sole significant contact with the state of Maine. The Court perceives no overarching policies of Maine which would suggest that the law of this state should apply. All parties make reference to the law of New Hampshire in their memoranda and Defendants expressly concede that New Hampshire law should apply. Given the presumption in favor of New Hampshire law and the preponderance of contacts with that state, the Court will apply New Hampshire law.

### Motion to Dismiss

■ Defendant Memorial Hospital has moved to dismiss Count II of the complaint for failure to state a claim. Count II alleges that Defendants' alleged tortious conduct was a gross, willful and wanton departure from the appropriate standard of care. Count II seeks the same compensatory damages as set forth in Count I as well as exemplary damages. New Hampshire law expressly prohibits the award of exemplary or punitive damages, as such. *Crowley v. Global Realty, Inc.,* 124 N.H. 814, 474 A.2d 1056 (1984). New Hampshire law does provide, however, for the award of liberal compensatory damages when an act is proven to be wanton, malicious or oppressive. *Vratsenes v. N.H. Auto, Inc.,* 112 N.H. 71, 73, 289 A.2d 66, 68 (1972). Such an award

is permitted to reflect the aggravated circumstances of the conduct. *Id.*

Although Plaintiff seeks exemplary damages, the allegations in Count II of willful and wanton conduct are sufficient for pleading purposes to state a claim under New Hampshire law for "liberal compensatory damages." *Crowley,* 474 A.2d 1056. The Court will, therefore, deny Defendant's motion to dismiss.

### Motion for Summary Judgment

■ Defendant Hospital has also moved for summary judgment on all counts. It bases its motion on its assertion that Defendant Stevenson was an independent contractor and that the hospital is not therefore liable for Stevenson's actions on a theory of *respondeat superior.* Relying on *Hunter v. R.G. Watkins & Son, Inc.,* 110 N.H. 243, 265 A.2d 15 (1970), Defendant suggests that the relevant inquiry in determining whether an individual is an independent contractor is whether the person is subject to the owner's control in the details of his work. In support of the motion, Defendant submits the agreement between it and Dr. Stevenson which characterizes him as an independent contractor and denies the hospital any right to exercise control or direction over the methods used by Dr. Stevenson in performance of his job.

The Court finds that Defendant has mischaracterized the *Hunter* case. In that case the New Hampshire Supreme Court expressly disavowed the right to control as the exclusive determinant of a master-servant relationship:[2] "[g]enerally, the control factor has been overemphasized in judicial reasoning ... and we are usually concerned with whether on all the facts the community would consider the person an employee." (Citation omitted). The appropriate test for determining whether an individual is an employee or an independent contractor has recently been termed the

---

**2.** The Court in *Hunter* acknowledged in dictum, and it generally seems to be the law, that control is the decisive factor involving employees of an otherwise independent contractor or bor-

rowed employees. *See, e.g., Wise v. Kentucky Fried Chicken Corp.,* 555 F.Supp. 991, 995 (D.N. H.1983).

"totality of the circumstances" test. *Hamel Real Estate, Inc. v. Shepherd*, 121 N.H. 733, 433 A.2d 1320, 1321 (1981). Circumstances to be considered include the agreement between the parties, the control exercised by the putative master, and other pertinent aspects of the relationship between the hospital, doctor and patient. *See id.; see also Continental Insurance Co. v. New Hampshire Insurance Co.*, 120 N.H. 713, 422 A.2d 1309 (N.H.1980).

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Condon v. Local 2944, United Steelworkers of America*, 683 F.2d 590, 594 (1st Cir.1982). In this case, the agreement between Dr. Stevenson and the hospital recites that he is an independent contractor not subject to control by the hospital. The agreement also shows, however, that he was paid by the hour and that his schedule was fixed by the hospital. Plaintiff's decedent had no choice of emergency room physicians; Stevenson was the physician provided by the hospital and he did not bill the patient. The facts as set forth in the record before the Court raise a genuine issue of fact as to whether Stevenson's relationship with the hospital was that of an independent contractor or of a servant. A jury should be allowed to consider all the facts and make this determination.

Accordingly, it is ORDERED that Defendant Memorial Hospital's Motion to Dismiss be, and is hereby, DENIED. It is FURTHER ORDERED that Defendant Memorial Hospital's Motion for Summary Judgment be, and is hereby, DENIED.