Grafton
No. 92-637

LUC AND LEEANN BOISSONNAULT

v.

BRISTOL FEDERATED CHURCH

May 19, 1994

*Wyskiel, Boc & Reid, P.A.*, of Dover (*William E. Boc* on the brief, and *D. Lance Tillinghast* orally), for the plaintiffs.

*Downs Rachlin & Martin, P.C.*, of Littleton (*Gregory S. Clayton* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiffs, Luc and Leeann Boissonnault, appeal the decision of the Superior Court (*Perkins*, J.) granting summary judgment to the defendant, Bristol Federated Church (church). They argue that the trial court erred in ruling that Elizabeth Seeler, a volunteer church worker, was performing services as an independent contractor at the time of her accident with plaintiff Luc Boissonnault. We affirm.

On January 29, 1989, plaintiff Luc Boissonnault, while operating his motorcycle on South Main Street in Bristol, sustained permanent injuries when he was struck by Seeler's vehicle. At the time of the accident, Seeler, a certified public accountant and elected member of the church finance committee, was in the process of delivering church financial records to its treasurer. The plaintiffs sued the church, arguing that Seeler was a servant or agent of the church at the time of the accident and, therefore, that the church was liable for her alleged negligence. The trial court granted the defendant's motion for summary judgment, ruling that "Seeler was performing services for the Church as an independent contractor. She was not an employee of the Church and the Church had no control over her actions on the day of the accident, or any other day. . . . Therefore, the Bristol Federated Church is not vicariously liable for the alleged negligence of Elizabeth Seeler."

In determining whether the motion for summary judgment was properly granted, we consider the affidavits and other evidence, as well as all inferences properly drawn from them, in the light most favorable to the plaintiffs. *Gamble v. University of New Hampshire*, 136 N.H. 9, 16, 610 A.2d 357, 362 (1992). If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the trial court will grant summary judgment. RSA 491:8-a, III (1983).

Whether Seeler was acting in a capacity and manner that would necessarily invoke vicarious liability based upon the doctrine of re-

spondeat superior is the question before us. The law in this area has developed around the issue of control. There was a period in our jurisprudence when the courts required the employer to have the right to control the manner and the means of the performance of the work in order for the doctrine to come into play. *McCarthy v. Souther*, 83 N.H. 29, 36–38, 137 A. 445, 449–50 (1927). A more expansive view of the relationship and its determination was adopted by this court in *Hunter v. R.G. Watkins & Son, Inc.*, 110 N.H. 243, 265 A.2d 15 (1970). In *Hunter*, we adopted what is now referred to as the "totality of the circumstances test," requiring consideration of many factors, including the criteria set forth in RESTATEMENT (SECOND) OF AGENCY § 220 (1958). Noting that the control factor has been overemphasized in judicial reasoning, we concluded that our concern will usually be "whether on all the facts the community would consider the person an employee." *Hunter*, 110 N.H. at 246, 265 A.2d at 17. The issue here is whether *Hunter* applies to volunteer service.

The rule that arises from *Hunter* is based in common sense and an appreciation of what takes place in the market place on a day to day basis, whether the activity is that of commercial enterprise or charitable service. The only factor which volunteer status adds to the *Hunter* equation is that vicarious liability may arise from the activities of one acting without hope of material reward or other compensation. Because we live in a society where the law requires us to pay for what we break when we are at legal fault, it is merely an extension of the underlying common sense principles of tort law to judge the volunteer's activities by the standards we use in cases where the activity giving rise to the claim is performed with hope or expectation of reward.

The plaintiffs rely upon RESTATEMENT (SECOND) OF AGENCY § 225, which states: "One who volunteers services without an agreement for or expectation of reward may be a servant of the one accepting such services." Their reliance is not well taken, however, because the section merely indicates that in appropriate circumstances, a servant relationship may arise from a volunteer activity. The *Hunter* test must still be satisfied.

The trial judge rendered a detailed order on the motion for summary judgment in which consideration was given to each of the criteria set forth in the RESTATEMENT (SECOND) OF AGENCY § 220. Particularly, the judge found that although the church may have had control over the tasks assigned to Seeler, it had no right to control

the physical performance or the details of the accounting services she performed. To carry the plaintiffs' argument to its logical conclusion could result in a client of a certified public accountant being liable for the accountant's negligent driving while delivering the client's tax return.

No genuine issue of material fact was before the trial court, and the moving party was entitled to judgment as a matter of law. Accordingly, the grant of summary judgment was not error.

*Affirmed.*

All concurred.