Rodriguez v. Northern Telecom        CV-93-259-SD  07/10/95
              UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


<u>Franklyn Rodriguez;</u>
<u>Marilda Rodriguez</u>


     v.                                      Civil No. 93-259-SD


<u>Northern Telecom, Inc., et al</u>


                           O R D E R


     Plaintiffs Franklyn and Marilda Rodriguez move to amend
their complaint.  Document 44.  Defendant Northern Telecom, Inc.
(NTI) objects.  Document 48.


<u>1.  Background</u>

     Originally filed in May 1993, this diversity action seeks to
recover damages for personal injuries allegedly sustained by
plaintiff Franklyn Rodriguez.  At the time of the accident, said
plaintiff was employed by a contractor for the purpose of
removing asbestos from premises occupied by NTI.

     In the course of its travel, this litigation has added and
dropped parties, and the court has issued various rulings on
dispositive motions.  As of this writing, the case is scheduled
for final pretrial on July 24, 1995, to be followed by jury

selection on August 22, 1995.

The motion at issue seeks to add a count (Count IX) alleging vicarious liability of NTI for the negligent acts of its alleged agents Twigg Associates, Inc. (Twigg), and Scott Lawson Group, Ltd., d/b/a Applied Occupational Health Systems (AOHS). A secondary amendment is sought to change the date of the alleged accident from May 30, 1990, to "on or around June 4, 1990."

## 2. Discussion

Twigg is no longer a party to this litigation, having been dismissed by stipulation which was approved on June 20, 1995. And on June 15, 1995, the court granted NTI's motion for summary judgment which sought indemnity from AOHS.

Totally apart from the foregoing developments, if the proposed amendment on vicarious liability is allowed, the case will probably have to be continued to allow NTI to inquire further into the "totality of circumstances" which New Hampshire law requires in assessing vicarious relationships. See RESTATEMENT (SECOND) AGENCY § 220; Boissonaut v. Bristol Federated Church, 138 N.H. 476, 478, 642 A.2d 328, 329 (1994).

It is well settled that the district court is afforded broad discretion to grant or deny a motion to amend pleadings. Finnern v. Sunday River Skiway Corp., 984 F.2d 530, 536 (1st Cir. 1993).

2

And "it is axiomatic that amendments which unfairly prejudice a litigant should not be granted." DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 917 (1st Cir. 1992). Here, the court finds that such unfair prejudice exists by reason of the fact that an amendment at this late stage of the proceedings would require a continuance to allow NTI to properly prepare its defense on the issue of vicarious liability. Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986).

Turning to the alleged date of the accident, the defendant has interposed no objection, and it appears that the date has surfaced as a result of ongoing discovery. As no prejudice apparently inures to any of the parties concerning this change of date, that portion of the amendment will be allowed.

## 3. Conclusion

For the reasons hereinabove outlined, the court has denied that portion of the motion to amend which seeks to add Count IX concerning vicarious liability and has granted the portion of the motion to amend which seeks to change the date from May 30, 1990,

to "on or around June 4, 1990."

    SO ORDERED.


                                             _____
                                             Shane Devine, Senior Judge
                                             United States District Court

July 7, 1995

cc:   Kenneth G. Bouchard, Esq.
      Dennis L. Hallisey, Esq.
      Jeffrey S. Cohen, Esq.
      Robert C. Dewhirst, Esq.